929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William MCNEIL, Plaintiff/Appellant,
v.
Michael P. LANE, et al., Defendants/Appellees.
 No. 90-2710.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1991.*
Decided April 4, 1991.
Rehearing and Rehearing En Banc Denied May 3, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 88 C 6106, Charles R. Norgle, Judge.
 N.D.Ill.
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 William McNeil is incarcerated at the Statesville Corrections Center in Illinois. He brought this suit pursuant to 42 U.S.C. Sec. 1983 charging that the defendants violated his Eighth Amendment rights by failing to adequately protect him from other inmates. The district court dismissed his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, we affirm.
 
 A. FACTS
 
 2
 In his first amended complaint, Mr. McNeil alleged that in February, 1988 he was attacked and sexually abused by a group of fellow inmates he contends were members of a gang. He reported the attack and was placed in control segregation for nine days. According to Mr. McNeil, during those nine days he persistently requested information regarding an investigation of the incident and continued to assert that he wished to press criminal charges against his attackers.
 
 
 3
 After nine days in control segregation, Mr. McNeil was given the option of being placed in protective custody or returned to his cell block. He signed a release form and waived his option to be placed in protective custody. He was then returned to his cell. He charged that prison officials acted with deliberate indifference to the safety of black, non-gang member inmates, including himself, by permitting inmate overcrowding and not providing enough guards, thus allowing the gangs to control the prison.
 
 
 4
 On a motion from the defendants, the district court held that Mr. McNeil had failed to allege facts to support a claim of "deliberate indifference". The court therefore granted the defendants' motion to dismiss and allowed Mr. McNeil one month to file an amended complaint containing facts sufficient to support a charge of deliberate indifference. Mr. McNeil filed a second amended complaint containing the same allegations as the earlier complaint. In addition, Mr. McNeil alleged that he was attacked by gang members again in August, 1988. Mr. McNeil was placed in administrative segregation following the second attack and remained on this status.[1] After reviewing Mr. McNeil's second amended complaint, the district court dismissed his action pursuant to Rule 12(b)(6).
 
 B. ANALYSIS
 
 5
 The Eighth Amendment's prohibition against cruel and unusual punishment has been extended under the Fourteenth Amendment Due Process Clause to impose a duty on prison officials to take reasonable steps to protect inmates from violent attacks by other inmates. Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir.1988). In order to fall within the reach of this constitutional protection, the plaintiff must prove that the prison official acted with deliberate indifference to his risk of harm at the hands of fellow inmates. Santiago v. Lane, 894 F.2d 218, 221 (7th Cir.1990). Deliberate indifference can be shown by demonstrating that the defendant acted with actual intent or reckless disregard of a foreseeable and substantial risk of harm. Wilks v. Young, 897 F.2d 896, 898 (7th Cir.1990); Benson v. Cady, 761 F.2d 335, 339 (7th Cir.1985). Finally, an individual may be found liable for an injury under Sec. 1983 only if the plaintiff proves a causal connection between the injury complained of and the conduct of the individual sued. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986).
 
 
 6
 Thus, this court has concluded that for a prison official to be found liable for an Eighth Amendment violation under Sec. 1983, the plaintiff must show that the official knew or had reason to know that there was a strong likelihood that violence would occur. Benson, 761 F.2d at 340. While the plaintiff need not show that a supervisory prison official had subjective knowledge of a substantial risk to the plaintiff, at minimum he must show that an objective risk should have been foreseeable to the defendant. Wilks, 897 F.2d at 898.
 
 
 7
 Mr. McNeil has failed to show either subjective or objective knowledge of a substantial risk to his safety on the part of the defendants. Mr. McNeil alleges that he informed a prison guard of the attacks but does not allege that the defendants were notified of the risk of violence he faced.[2] Further, Mr. McNeil has not shown that there was a history of violence against him such that we might infer that the defendants' alleged inaction constituted a reckless disregard for his safety. See Walsh v. Mellas, 837 F.2d 789, 795 (7th Cir.1988). In fact, Mr. McNeil's complaint acknowledges that he was removed from the general prison population and from the cell block where the attacks were alleged to occur following each attack. In addition, it appears that Mr. McNeil has not been returned to the area of the prison where he was twiced attacked since the date of the second attack.
 
 
 8
 While we have stated that "buzz words" are not necessary when the nature of the claim is sufficiently clear, Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990), attaching Eighth Amendment "buzz words" such as "deliberate indifference" to facts that are insufficient to support allegations of an Eighth Amendment violation do not save such an action. Benson, 761 F.2d at 338. At most, Mr. McNeil alleges negligence or gross negligence on the part of prison officials. Such allegations are insufficient to establish a constitutional violation. Goka, 862 F.2d at 650.
 
 
 9
 Therefore, the district court correctly dismissed this action pursuant to Rule 12(b)(6) for failure to state a claim. The district court's conclusion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. McNeil contends that he was denied protective custody. However, Mr. McNeil concedes that he was removed from the general prison population and the prison wing where both attacks were alleged to have taken place
 
 
 [2]
 In a set of exhibits forwarded to this court, Mr. McNeil includes a letter which he contends proves that Defendant Lane knew of the first attack on Mr. McNeil. However, this allegation was not included in either complaint and the letter was not part of the record below. Therefore, it is not properly before this court